UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

--------------------------------------------------------------- X

NICHOLAS H. BELSITO,

                              Plaintiff,                    **NOTICE OF REMOVAL**

        -against-

COUNTY OF ERIE,
SHERIFF TIMOTHY B. HOWARD,
KENNETH P. ACHTYL,
JAMES W. FLOWERS,

                              Defendants.

--------------------------------------------------------------- X

Defendants County of Erie, Sheriff Timothy B. Howard, Kenneth P. Achtyl, and James W. Flowers ("Defendants"), by and through their attorneys, Goldberg Segalla LLP, hereby remove this action to the United States District Court, Western District of New York, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. The grounds for removal are as follows:

1.      Plaintiff Nicholas Belsito filed an action against Defendants on or about February 7, 2019 seeking general, special and punitive damages stemming from an incident that occurred on December 3, 2017 while Plaintiff was at or near New Era Field in Orchard Park, New York. Plaintiff alleges, among other things, assault, battery, and unlawful arrest by deputies Kenneth Achtyl and James Flowers, while they were acting within the scope of their employment and under color of law. Plaintiff also alleges that Defendants violated his Fourth and Fourteenth Amendment rights. A copy of the Summons and Complaint is attached as *Exhibit A*.

2.      Plaintiff has attempted service on Defendant County of Erie; Defendants Sheriff Timothy B. Howard, Kenneth P. Achtyl and James Flowers have not yet been served in this action.

22212533.v1

3.     As set forth more fully below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Defendants have satisfied the procedural requirements for removal, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

4.     This Notice of Removal is being filed within 30 days of the first date on which Defendants may have received a copy of the Complaint as the action was filed on February 7, 2019, making removal timely pursuant to 28 U.S.C. § 1446(b).   All of the Defendants join in the removal of this action.

III.     **Federal Question Jurisdiction**

5.     Federal question jurisdiction exists where a plaintiff pleads a cause of action created by federal law or the state-law claims implicate significant federal issues. *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 309 (2005).

6.     Plaintiff pleads a cause of action against all Defendants for violations of the Fourth and Fourteenth Amendments in violation of 42 U.S.C.A. §1983.  See *Ex. A*, p. 14. Accordingly, this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and removal of this action is warranted.

7.     No proceedings have occurred in the state court action.

8.     For the foregoing reasons, this Court has jurisdiction over this matter and this action is removable in accordance with 28 U.S.C. § 1441(a).

WHEREFORE, Defendants County of Erie, Sheriff Timothy B. Howard, Kenneth P. Achtyl, and James W. Flowers, having complied with the requirements of 28 U.S.C. §§ 1331, 1441, and 1446, respectfully request that this action now pending in the Supreme Court of the State of New York, County of Erie, under Index Number 801623/2019 be removed to this Court.

Dated: February 19, 2019
       Buffalo, New York

Respectfully submitted,

*/s/ Albert J. D'Aquino*

_____

Albert J. D'Aquino, Esq.
Goldberg Segalla LLP
*Attorneys for Defendants*
665 Main Street
Buffalo, New York 14203
(716) 566-5400

22212533.v1

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

-------------------------------------------------------------- X

NICHOLAS H. BELSITO,

                    Plaintiff,

   -against-

COUNTY OF ERIE,
SHERIFF TIMOTHY B. HOWARD,
KENNETH P. ACHTYL,
JAMES W. FLOWERS,

                    Defendants.

Civil Action No.
CV-00600-LJV-LGF

**CERTIFICATE OF SERVICE**

---

     I hereby certify that a true and correct copy of the foregoing Notice of Removal was filed the utilizing the Court's CM/ECF system, was served upon the following on February 15, 2019, via regular mail, postage prepaid:

    *Attorneys for plaintiff Nicholas H. Belsito:*

Aaron F. Glazer, Esq.
Gibson, McAskill & Crosby, LLP
69 Delaware Avenue, Suite 900
Buffalo, New York 14202
aglazer@gmclaw.com

Kevin Bloom, Esq.
Bloom & Bloom, P.C.
530 Blooming Grove Turnpike
New Windsor, New York 12553
(845) 561-6920

Alex Smith, Esq.
6 North Street
Middletown, New York 10940
(845) 344-4322
asmith22@hvc.rr.com

and the Erie County Clerk by efiling.

Dated: Buffalo, New York
       February 19, 2019

                                Respectfully submitted,

                                GOLDBERG SEGALLA LLP

                                */s/Albert J. D'Aquino*
                                Albert J. D'Aquino, Esq.
                                ***Attorneys for Defendants***
                                ***County of Erie***
                                ***Sheriff Timothy B. Howard***
                                ***Kenneth P. Achtyl***
                                ***James W. Flowers***
                                  665 Main Street, Suite 400
                                Buffalo, New York 14203
                                (716) 566-5400
                                scatone@goldbergsegalla.com

Exhibit A

FILED: ERIE COUNTY CLERK 02/07/2019 10:00 AM
NYSCEF DOC. NO. 1

INDEX NO. 801623/2019

RECEIVED NYSCEF: 02/07/2019

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ERIE

---

NICHOLAS H. BELSITO,
101 Jessica Court
Cornwall, New York 12518,

                Plaintiff,

vs.

COUNTY OF ERIE
95 Franklin Street
Buffalo, New York 14202,

SHERIFF TIMOTHY B. HOWARD
10 Delaware Avenue
Buffalo, New York 14202,

KENNETH P. ACHTYL
10 Delaware Avenue
Buffalo, New York 14202,

JAMES W. FLOWERS
10 Delaware Avenue
Buffalo, New York 14202,

                Defendants.

---

**SUMMONS**
**Index No.:**

> *Plaintiff designates Erie County as the place of trial.*
>
> *The basis of venue is the place of the tort.*

---

### TO THE ABOVE-NAMED DEFENDANTS:

    **YOU ARE HEREBY SUMMONED** to answer the Complaint in this action, and to serve a copy of your Answer, or if the Complaint is not served with a Summons, to serve a Notice of Appearance on the plaintiff's attorney within **twenty (20) days** after the service of this Summons, exclusive of the date of service, or within **thirty (30) days** after the service is complete if this Summons is not personally delivered to you within the State of New York; and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

FILED: ERIE COUNTY CLERK 02/07/2019 10:00 AM

NYSCEF DOC. NO. 1

INDEX NO. 801623/2019

RECEIVED NYSCEF: 02/07/2019

DATED:    Buffalo, New York
             February 7, 2019

GIBSON, McASKILL & CROSBY, LLP

By: _Aaron F. Glazer_
Aaron F. Glazer, Esq.
*Attorneys for Plaintiff*
69 Delaware Avenue, Suite 900
Buffalo, New York 14202
Telephone: (716) 856-4200

BLOOM & BLOOM, P.C.

By: _____
Kevin Bloom, Esq.
*Attorneys for Plaintiff*
530 Blooming Grove Turnpike
New Windsor, New York 12553
Telephone: (845) 561-6920

By: _____
Alex Smith, Esq.
*Attorneys for Plaintiff*
6 North Street
Middletown, New York 10940
Telephone: (845) 344-4322

-2-

FILED: ERIE COUNTY CLERK 02/07/2019 10:00 AM
NYSCEF DOC. NO. 2

INDEX NO. 801623/2019

RECEIVED NYSCEF: 02/07/2019

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ERIE

---

NICHOLAS H. BELSITO,
101 Jessica Court
Cornwall, New York 12518,

        Plaintiff,

vs.

COUNTY OF ERIE
95 Franklin Street
Buffalo, New York 14202,

SHERIFF TIMOTHY B. HOWARD
10 Delaware Avenue
Buffalo, New York 14202,

KENNETH P. ACHTYL
10 Delaware Avenue
Buffalo, New York 14202,

JAMES W. FLOWERS
10 Delaware Avenue
Buffalo, New York 14202,

        Defendants.

---

**COMPLAINT**
Index No.:

Plaintiff, NICHOLAS H. BELSITO, by his attorneys, GIBSON, MCASKILL & CROSBY, LLP, BLOOM & BLOOM, P.C., and ALEX SMITH, ESQ., for his Complaint against the above-referenced Defendants, alleges as follows:

INDEX NO. 801623/2019
FILED: ERIE COUNTY CLERK 02/07/2019 10:00 AM
NYSCEF DOC. NO. 2                                                     RECEIVED NYSCEF: 02/07/2019

## INTRODUCTION

This Action arises out the assault, battery and unlawful arrest of Plaintiff by deputies, Kenneth P. Achtyl and James W. Flowers of the Erie County Sheriff's Department, while such deputies were acting within the scope of their employment and under color of law.  Subsequent to the assault, battery and arrest, said deputies filed false criminal charges against Plaintiff.  This lawsuit seeks justice and fair compensation for Plaintiff with regard to all of the above.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION/JURISDICTION AND VENUE:

1.      Plaintiff, NICHOLAS H. BELSITO, at all times hereinafter mentioned, was and still is a resident of the Town of Cornwall, County of Orange and State of New York.

2.      Upon information and belief, defendant, COUNTY OF ERIE, is a municipal corporation duly organized and existing under, and pursuant to, the laws of the State of New York.

3.      Upon information and belief, at all times hereinafter mentioned, defendant, COUNTY OF ERIE, maintained responsibility, supervision, control, and authority over the Erie County Sheriff's Department, its agents, servants and employees, and is liable to Plaintiff for the acts complained of herein under the theories of vicarious liability and *respondeat superior*.

4.      Upon information and belief, at all times hereinafter mentioned, defendant, SHERIFF TIMOTHY B. HOWARD (hereinafter "HOWARD"), was and is the Sheriff of ERIE COUNTY.

5.      Upon information and belief, at the time of the events hereinafter described, defendant, KENNETH P. ACHTYL (hereinafter "ACHTYL"), was and is a resident of the County

-2-

FILED: ERIE COUNTY CLERK 02/07/2019 10:00 AM

NYSCEF DOC. NO. 2

RECEIVED NYSCEF: 02/07/2019

of Erie and State of New York, and was and is employed by the Erie County Sheriff's Department as a road deputy.

6.  At all times hereinafter mentioned, defendant, ACHTYL, was acting within the scope of his employment and duties as an Erie County Sheriff's Deputy and was acting under color of state law.

7.  Upon information and belief, at all times hereinafter mentioned, defendant, JAMES W. FLOWERS (hereinafter "FLOWERS"), was and is a resident of the County of Erie and State of New York, and was and is employed by the Erie County Sheriff's Department as a road deputy.

8.  At all times hereinafter mentioned, defendant, FLOWERS, was acting within the scope of his employment as an Erie County Sheriff's Deputy and was acting under color of state law.

9.  Defendants, ACHTYL and FLOWERS, are being sued herein in both their individual and/or official capacities.

10. That all injuries and damages to Plaintiff which are complained of below were caused solely by reason of the defendants' culpable conduct as stated herein, without any fault or negligence on the part of Plaintiff contributing thereto.

11. On or about December 5th, 2018, a Notice of Claim was duly served on behalf of Plaintiff, upon the COUNTY OF ERIE, the ERIE COUNTY SHERIFF'S DEPARTMENT, DEPUTY KENNETH P. ACHTYL and DEPUTY JAMES W. FLOWERS, in accordance with the requirements of General Municipal Law Section 50(e).

-3-

FILED: ERIE COUNTY CLERK 02/07/2019 10:00 AM

INDEX NO. 801623/2019

NYSCEF DOC. NO. 2

RECEIVED NYSCEF: 02/07/2019

12.    That more than thirty (30) days have elapsed since the service of the Notice of Claim, as aforesaid, and the aforesaid Defendants have failed and neglected to adjust or pay the said claim.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANTS, ACHTYL AND FLOWERS, FOR ASSAULT AND BATTERY, PLAINTIFF, NICHOLAS H. BELSITO, ALLEGES:

13.    Plaintiff repeats and realleges paragraphs "1" through "12" of his Complaint as though fully set forth herein.

14.    On or about December 3rd, 2017, while Plaintiff was lawfully present at or near New Era Field in Orchard Park, New York, defendant, ACHTYL, individually and while in the course of his employment with the Erie County Sheriff's Department, and acting under authority of the COUNTY OF ERIE and under color of state law, caused injury to Plaintiff by willfully, wantonly, maliciously, recklessly and intentionally committing an assault and battery upon him.

15.    On or about December 3rd, 2017, while Plaintiff was lawfully present at or near New Era Field in Orchard Park, New York, defendant, FLOWERS, individually and while in the course of his employment with the Erie County Sheriff's Department, and acting under authority of the COUNTY OF ERIE and under color of state law, caused injury to Plaintiff by willfully, wantonly, maliciously, recklessly and intentionally committing an assault and battery upon him.

16.    That the acts, omissions and conduct constituting the assault and battery consisted in part of the following and occurred in the following fashion: Plaintiff approached a police vehicle to politely request information after the detainment of his friend by defendants, ACHTYL and FLOWERS. ACHTYL told Plaintiff to "beat it" several times and asked Plaintiff if [Plaintiff]

-4-

FILED: ERIE COUNTY CLERK 02/07/2019 10:00 AM
NYSCEF DOC. NO. 2

INDEX NO. 801623/2019

RECEIVED NYSCEF: 02/07/2019

"wanted to go to jail..." Plaintiff eventually walked away from the police vehicle, turned back toward the police vehicle to curse, and then turned again to continue walking away from the police vehicle. At that time, ACHTYL exited the police cruiser and rapidly approached Plaintiff from behind. As ACHTYL exited the vehicle, FLOWERS said "Nah, ah, ah..." Despite the directions of FLOWERS (who clearly believed ACHTYL was about to act beyond the scope of ACHTYL's authority), ACHTYL violently grabbed and choked Plaintiff from behind with a baton as Plaintiff walked away from the vehicle as mentioned above; ACHTYL then smashed Plaintiff into the police vehicle (and then blamed and charged Plaintiff for the damage to said vehicle) and struck Plaintiff in the face with a nightstick/baton. The further acts complained of include but are not limited to, placing Plaintiff in handcuffs without reason or legal cause, using unreasonable, unnecessary and excessive force against Plaintiff; exercising unreasonable, unnecessary and excessive force during the course of an investigation; committing an unjustified and unlawful arrest of Plaintiff; carelessly employing the use of force in arresting Plaintiff; committing a harmful, offensive and nonconsensual attack upon plaintiff's person; acting outside the scope and authority of prescribed powers and duties; unlawfully interfering with plaintiff's right to be free from wrongful/unlawful arrest, excessive force and unlawful seizure; and otherwise using great, threatening force and violence against Plaintiff.

17.    Plaintiff did not consent to the aforementioned acts.

18.    Defendant, FLOWERS, failed to intervene in the aforementioned incident to prohibit the illegal assault, battery, unlawful arrest and detention of Plaintiff from occurring.

-5-

FILED: ERIE COUNTY CLERK 02/07/2019 10:00 AM

NYSCEF DOC. NO. 2

INDEX NO. 801623/2019

RECEIVED NYSCEF: 02/07/2019

19.    Defendant, FLOWERS, did participate in the aforementioned assault, battery, unlawful arrest and detention, and in all of the illegal, negligent, careless, reckless and intentional acts detailed above.

20.    Thereafter, defendants, ACHTYL and FLOWERS took custody of Plaintiff and brought Plaintiff to the Erie County Holding Center, all without plaintiff's consent, where Plaintiff remained confined in the custody of defendant HOWARD.

21.    As a result of the aforesaid incident, plaintiff, NICHOLAS H. BELSITO, sustained serious and permanent personal bodily injuries, including, among other things, a facial fracture, cuts, lacerations, damage to bodily tissue, closed head injuries; loss of liberty; emotional distress; was rendered sick, sore, lame and disabled; sustained pain, suffering and shock to his nerves and nervous system; was caused to and did seek medical aid and attention; was caused to be confined to hospital, bed and home; was caused to and did incur great medical expense and will incur further medical expense; was caused to incur legal expense, was caused to be incapacitated from his usual activities, schooling and employment, and may be further incapacitated.

22.    That as a result of the foregoing, Plaintiff seeks an award of general, special and punitive damages in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**AS AND FOR A SECOND CAUSE OF ACTION
AGAINST DEFENDANTS, ACHTYL AND
FLOWERS, FOR FALSE ARREST, PLAINTIFF,
NICHOLAS H. BELSITO, ALLEGES:**

23.    Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "22" of his Complaint with the same force and effect as if fully set forth herein.

-6-

FILED: ERIE COUNTY CLERK 02/07/2019 10:00 AM

NYSCEF DOC. NO. 2

24.     Upon information and belief, on or about December 3rd, 2017, defendants, ACHTYL and FLOWERS, individually and while in the course and scope of their employment with the Erie County Sheriff's Department, and while acting under color of authority of defendant, COUNTY OF ERIE, falsely arrested and imprisoned Plaintiff without warrant, authority of law or probable cause therefor.

25.     That the acts and conduct constituting the false arrest and false imprisonment consisted in part of the following: unlawfully and intentionally detaining and confining Plaintiff against his will and without his consent; unlawfully and intentionally detaining and confining Plaintiff without privilege, probable cause or valid legal process; unlawfully detaining and confining Plaintiff by unlawfully arresting Plaintiff; unlawfully detaining and confining Plaintiff through the use of force; placing Plaintiff in handcuffs without reasonable cause therefor and committing other acts resulting in the unlawful arrest and imprisonment of Plaintiff.

26.     Plaintiff committed no crime or violation of law on December 3, 2017, and any action(s) or inaction(s) taken against Plaintiff by defendants, ACHTYL and FLOWERS to seize, assault, strike, detain and/or arrest Plaintiff, were illegal.

27.     On December 3, 2017, and for some time prior to that date, New York trial and appellate courts had consistently held that cursing at an officer of the law or in the presence of an officer of the law, is neither a crime nor a violation of the law.

28.     Defendants, ACHTYL and FLOWERS, intended to confine Plaintiff.

29.     Plaintiff was conscious of the false arrest and confinement.

30.     Plaintiff did not consent to such confinement.

31.     Plaintiff's confinement was not privileged and/or supported by probable cause.

-7-

FILED: ERIE COUNTY CLERK 02/07/2019 10:00 AM

NYSCEF DOC. NO. 2

INDEX NO. 801623/2019

RECEIVED NYSCEF: 02/07/2019

32.     Plaintiff remained in custody from the time of his arrest until the time of his arraignment on December 4, 2017 in Orchard Park Town Court.

33.     Each charge levied by defendants, FLOWERS and ACHTYL, was dismissed and/or formally abandoned (*nolle prosequi*) by the Erie County District Attorney's Office.

34.     That as a direct, sole and proximate result of the false arrest and imprisonment, Plaintiff was caused to and did sustain humiliation and embarrassment, emotional and mental distress, moral and mental degradation, indignity and disgrace, injury to personal and future professional reputation, inconvenience, disturbance and disruption of education and life, and legal expense.

35.     That as a result of the foregoing, Plaintiff seeks an award of general, special and punitive damages in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**AS AND FOR A THIRD CAUSE OF ACTION
AGAINST ALL DEFENDANTS FOR NEGLIGENT
HIRING, SUPERVISION, TRAINING AND
RETENTION, PLAINTIFF, NICHOLAS H. BELSITO,
ALLEGES:**

36.     Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "35" of his Complaint with the same force and effect as if fully set forth herein.

37.     That on or about December 3rd, 2017, defendant, ERIE COUNTY, its agents, servants and/or employees, including the Erie County Sheriff's Department and defendants, HOWARD, ACHTYL AND FLOWERS, individually and in their official capacities, were careless, reckless and negligent in conducting and performing police duties, including, in part, the

-8-

FILED: ERIE COUNTY CLERK 02/07/2019 10:00 AM

NYSCEF DOC. NO. 2

INDEX NO. 801623/2019

RECEIVED NYSCEF: 02/07/2019

negligent use of force in detaining, arresting and confining Plaintiff; in carelessly, recklessly and negligently investigating the incident which led to plaintiff's arrest and confinement; in violating established rules, procedures and policies; and in negligently employing, supervising, training and retaining as employees, members of the Erie County Sheriff's Department, including defendants ACHTYL and FLOWERS.

38.     That as a direct, sole and proximate result of the carelessness, recklessness and negligence of the defendant ERIE COUNTY, its agents, servants and/or employees, and defendants, HOWARD, ACHTYL and FLOWERS, Plaintiff was caused to and did sustain serious, disabling and permanent personal injuries, pain and suffering, humiliation and embarrassment, emotional and mental distress, inconvenience, medical expenses, legal expenses and disruption of educational pursuits.  The event that led to the aforementioned damages is documented and related above with specificity.

39.     As a result of the foregoing, Plaintiff seeks an award of general, special and punitive damages in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**AS AND FOR A FOURTH CAUSE OF ACTION AGAINST ALL DEFENDANTS FOR VIOLATION OF PLAINTIFF'S STATE LAW CONSTITUTIONAL RIGHTS, PLAINTIFF, NICHOLAS H. BELSITO, ALLEGES:**

40.     Plaintiff repeats and realleges paragraphs "1" through "39" of his Complaint with the same force and effect as if set forth fully herein.

41.     That on or about December 3rd, 2017, defendant, ERIE COUNTY, its agents, servants and/or employees, including the Erie County Sheriff's Department, and defendants,

-9-

FILED: ERIE COUNTY CLERK 02/07/2019 10:00 AM
NYSCEF DOC. NO. 2                                    RECEIVED NYSCEF: 02/07/2019

ACHTYL and FLOWERS, individually and in their official capacities, while acting under color of law, deprived Plaintiff of his state constitutional rights, including the right to due process of law, freedom of speech and security against unreasonable searches and seizures. The event that led to the deprivation of the aforementioned rights and protections is documented and related above with specificity.

42.    As a result of the foregoing, Plaintiff seeks an award of general, special and punitive damages in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

### AND AS FOR A FIFTH CAUSE OF ACTION AGAINST DEFENDANTS, ACHTYL AND FLOWERS, FOR MALICIOUS ABUSE OF PROCESS, PLAINTIFF, NICHOLAS H. BELSITO ALLEGES:

43.    Plaintiff repeats and realleges paragraphs "1" through "42" of his Complaint as if fully set forth herein.

44.    The aforementioned accusatory instruments are regularly issued by deputies of sheriff's departments in New York State, such as the Erie County Sheriff's Department, in order to compel an accused to answer the charges contained therein and to be dealt with according to law, and therefore, such instruments constitute "regularly issued process."

45.    Defendant, ACHTYL, executed and filed the aforesaid accusatory instruments not because Plaintiff had committed any criminal act or violation of law, but, rather in order to legitimize his assault, battery, seizure and arrest of Plaintiff, which was a collateral and unlawful objective outside the legitimate scope and purpose of the instruments.

-10-

FILED: ERIE COUNTY CLERK 02/07/2019 10:00 AM

INDEX NO. 801623/2019

NYSCEF DOC. NO. 2

RECEIVED NYSCEF: 02/07/2019

46.    Defendant, FLOWERS, executed and filed the aforesaid accusatory instruments not because Plaintiff had committed any criminal act or violation of law, but, rather in order to legitimize his assault, battery, seizure and arrest of Plaintiff, which was a collateral and unlawful objective outside the legitimate scope and purpose of the instruments.

47.    In creating, drafting, executing and filing the aforementioned accusatory instruments, ACHTYL and FLOWERS committed perjury.

48.    Defendant, ACHTYL, executed and filed the accusatory instruments out of malice and in retaliation against Plaintiff because Plaintiff cursed.

49.    Defendant, FLOWERS, executed and filed the accusatory instruments out of malice and in retaliation against Plaintiff because Plaintiff cursed.

50.    That as a result of the foregoing, Plaintiff seeks an award of general, special and punitive damages in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**AND AS FOR A SIXTH CAUSE OF ACTION
AGAINST DEFENDANTS, ACHTYL AND
FLOWERS, FOR MALICIOUS PROSECUTION,
PLAINTIFF, NICHOLAS H. BELSITO ALLEGES:**

51.    Plaintiff repeats and realleges paragraphs "1" through "50" of his Complaint as though fully set forth herein.

52.    Following the assault and battery detailed above, defendant, ACHTYL, caused the commencement of a criminal proceeding against Plaintiff by executing and filing various state law informations/complaints, alleging criminal mischief in the 4th degree, obstructing governmental administration in the 2nd degree, disorderly conduct and resisting arrest.

-11-

FILED: ERIE COUNTY CLERK 02/07/2019 10:00 AM   INDEX NO. 801623/2019

NYSCEF DOC. NO. 2                                                                    RECEIVED NYSCEF: 02/07/2019

53.     At the time defendant, ACHTYL executed and filed the instruments, he knew that Plaintiff was not guilty of any of the aforementioned charges or of any other crime or violation of law – and ACHTYL knew that the instruments he executed and filed against Plaintiff were without probable cause or any other legal justification.

54.     Following the assault and battery detailed above, defendant, FLOWERS, caused the commencement of a criminal proceeding against Plaintiff by executing and filing various state law informations/complaints, alleging criminal mischief in the 4th degree, obstructing governmental administration in the 2nd degree, disorderly conduct and resisting arrest.

55.     At the time defendant, FLOWERS executed and filed the instruments, he knew that Plaintiff was not guilty of any of the aforementioned charges or of any other crime or violation of law – and FLOWERS knew that the instruments he executed and filed against Plaintiff were without probable cause or any other legal justification.

56.     In creating, drafting, executing and filing said accusatory instruments, defendants, ACHTYL and FLOWERS committed perjury.

57.     Defendant, ACHTYL, executed and filed the instruments out of malice and in retaliation against Plaintiff because Plaintiff cursed.

58.     Defendant, FLOWERS, executed and filed the instruments out of malice and in retaliation against Plaintiff because Plaintiff cursed.

59.     The aforementioned charges were filed in Orchard Park Town Court.

60.     Plaintiff was required to retain counsel as a result of the foregoing.

-12-

FILED: ERIE COUNTY CLERK 02/07/2019 10:00 AM
NYSCEF DOC. NO. 2

INDEX NO. 801623/2019

RECEIVED NYSCEF: 02/07/2019

61.    The charges were terminated in favor of Plaintiff on June 14, 2018.

62.    Each charge was dismissed and/or formally abandoned (*nolle prosequi*) by the Erie County District Attorney's Office.

63.    That as a result of the foregoing, Plaintiff seeks an award of general, special and punitive damages in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

### AND AS FOR A SEVENTH CAUSE OF ACTION AGAINST DEFENDANT, ERIE COUNTY, FOR NEGLIGENT HIRING, SUPERVISION, TRAINING AND RETENTION, PLAINTIFF NICHOLAS H. BELSITO ALLEGES:

64.    Plaintiff repeats and realleges paragraphs "1" through "63" of his Complaint as though fully set forth herein.

65.    The actions and/or inactions of defendants, ACHTYL and FLOWERS were, in part, the result of the failure of defendant, ERIE COUNTY, to (1) properly and adequately screen, monitor and discipline and retain its officers; and, (2) to properly train its officers.

66.    Said failure to screen, monitor, discipline and train officers, constituted negligence under the common law of the State of New York as well as a policy of deliberative indifference to plaintiff's rights, and such negligence and policy caused the aforementioned constitutional violations, injuries and damages sustained by Plaintiff.

67.    Defendant, ERIE COUNTY, is also liable for plaintiff's aforementioned common law torts under the doctrine of *respondeat superior*.

-13-

68.     That as a result of the foregoing, Plaintiff seeks an award of general, special and punitive damages in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

### AS AND FOR AN EIGHTH CAUSE OF ACTION AGAINST ALL DEFENDANTS FOR VIOLATIONS OF 42 U.S.C.A. §1983, PLAINTIFF, NICHOLAS H. BELSITO, ALLEGES:

69.     Plaintiff repeats and realleges paragraphs "1" through "68" of his Complaint with the same force and effect as if set forth fully herein.

70.     That on or about December 3, 2017, defendant, ERIE COUNTY, its agents, servants, and/or employees, including the Erie County Sheriff's Department, and defendants, ACHTYL and FLOWERS, individually and in their official capacities, used and exercised unreasonable and excessive force against Plaintiff in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States and in violation of 42 U.S.C.A. §1983.  It is further alleged that the aforesaid violations arose as a result of the "customs" and "practices" employed by the Erie County Sheriff's Department and out of the scope of employment and duties with the Erie County Sheriff's Department; and that as a result thereof, defendant, HOWARD and/or the COUNTY OF ERIE is/are responsible and liable for said violations and for the actions of defendants ACHTYL and FLOWERS.

71.     That on or about December 3rd, 2017, defendant, ERIE COUNTY, its agents, servants and/or employees, including the Erie County Sheriff's Department and defendants, ACHTYL and FLOWERS, individually and in their official capacities, while acting under color

-14-

INDEX NO. 801623/2019

FILED: ERIE COUNTY CLERK 02/07/2019 10:00 AM

NYSCEF DOC. NO. 2                                                    RECEIVED NYSCEF: 02/07/2019

of law, deprived Plaintiff of his state and federal constitutional rights, including the right to due process of law, freedom of speech and security against unreasonable searches and seizures.

72.     That on or about December 3rd, 2017, defendant, ERIE COUNTY, its agents, servants and/or employees, including the Erie County Sheriff's Department, and defendants, ACHTYL and FLOWERS, individually and in their official capacities, used and exercised unreasonable and excessive force against Plaintiff in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States and in violation of 42 U.S.C.A. §1983. It is further alleged that the aforesaid violations arose as a result of the "customs" and "practices" employed by the Erie County Sheriff's Department and out of the scope of employment and duties with the Erie County Sheriff's Department; and that as a result thereof, defendant HOWARD and/or the COUNTY OF ERIE is/are responsible and liable for said violations and for the actions of defendants ACHTYL and FLOWERS.

73.     That on or about December 3rd, 2017, defendant, ERIE COUNTY, its agents, servants and/or employees, including the Erie County Sheriff's Department, and defendants, ACHTYL and FLOWERS, individually and in their official capacities, while acting under color of law, deprived Plaintiff of rights secured under the First, Fourth and Fourteenth Amendments to the Constitution of the United States.

74.     By virtue of the conduct alleged herein of defendant, ERIE COUNTY, its agents, servants and/or employees, including the Erie County Sheriff's Department, and defendants, ACHTYL and FLOWERS, Plaintiff was deprived of liberty without due process of law and was denied the right to equal protection of the laws secured by the Fourteenth Amendment; the right to substantive due process of law secured by the Fourth and Fourteenth Amendments; the right

-15-

FILED: ERIE COUNTY CLERK 02/07/2019 10:00 AM
NYSCEF DOC. NO. 2

INDEX NO. 801623/2019
RECEIVED NYSCEF: 02/07/2019

not to be arrested and criminally prosecuted without probable cause secured by the Fourth and Fourteenth Amendments; and, the right to freedom of speech without retaliation secured by the First and Fourteenth Amendments.

75.     By virtue of the conduct alleged herein of defendant, ERIE COUNTY, its agents, servants, and/or employees, including the Erie County Sheriff's Department, and defendants, ACHTYL and FLOWERS, Plaintiff suffered indignity, humiliation, emotional and physical injury and distress, loss of freedom, medical expenses, legal expenses, pain and suffering, economic loss, and the loss of his freedom of speech.

76.     That as a direct, sole and proximate result of the carelessness, recklessness, and negligence of defendant, ERIE COUNTY, its agents, servants and/or employees, and defendants, HOWARD, ACHTYL and FLOWERS, Plaintiff was caused to and did sustain serious, disabling and permanent personal injuries, pain and suffering, loss of freedom, humiliation and embarrassment, emotional and mental distress, inconvenience, medical expenses, legal expenses and disruption of educational pursuits.

77.     That plaintiff's injuries and damages were caused solely by reason of the culpable conduct of all Defendants as stated herein, without any fault or negligence on the part of the Plaintiff contributing thereto.

78.     That as a sole, direct and proximate result of the foregoing, Plaintiff has sustained general and special damages in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

-16-

FILED: ERIE COUNTY CLERK 02/07/2019 10:00 AM

NYSCEF DOC. NO. 2

INDEX NO. 801623/2019

RECEIVED NYSCEF: 02/07/2019

79.     That as a result of the foregoing, Plaintiff seeks an award of general, special and punitive damages in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**WHEREFORE,** as to the foregoing Causes of Action, Plaintiff demands judgment against all Defendants, jointly and severally, in an amount that exceeds the jurisdictional limits of all lower Courts which would otherwise have jurisdiction, including punitive damages against defendants ACHTYL and FLOWERS only, and for such other, further or different relief as the Court may deem just and proper, together with the costs and disbursements of the action, including attorney's fees.

DATED:        Buffalo, New York
              February 7, 2019

GIBSON, McASKILL & CROSBY, LLP

By:
Aaron F. Glazer, Esq.
*Attorneys for Plaintiff*
69 Delaware Avenue, Suite 900
Buffalo, New York 14202
Telephone: (716) 856-4200

BLOOM & BLOOM, P.C.

By:
Kevin Bloom, Esq.
*Attorneys for Plaintiff*
530 Blooming Grove Turnpike
New Windsor, New York 12553
Telephone: (845) 561-6920

By:
Alex Smith, Esq.
*Attorneys for Plaintiff*
6 North Street
Middletown, New York 10940
Telephone: (845) 344-4322

-17-

FILED: ERIE COUNTY CLERK 02/07/2019 04:02 PM

NYSCEF DOC. NO. 3

INDEX NO. 801623/2019

RECEIVED NYSCEF: 02/07/2019

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ERIE

_____

NICHOLAS H. BELSITO,                                    **AFFIDAVIT OF SERVICE**
                                                        **Index No.: 801623/2019**

                        Plaintiff,

vs.

COUNTY OF ERIE,
SHERIFF TIMOTHY B. HOWARD,
KENNETH P. ACHTYL,
JAMES W. FLOWERS,

                        Defendants.

_____

ANTHONY MICUCCI, being duly sworn, deposes and says; that he is not a party to this

action and is over 18 years of age.

That on the 7th day of February, 2019, he served the within Summons, Complaint &

Notice of Commencement upon:

                        Anthony B. Targia, Esq.
                        The County of Erie
                        95 Franklin Street, Room 1634
                        Buffalo, New York 14202

                                        _____
                                        Anthony Micucci

Sworn to before me this
7th day of February, 2019

_____
Notary Public

KELLY ERIN WODOWSKI
Notary Public, State of New York
Qualified in Erie County
My Commission Expires Dec. 18 21

1