

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

NICHOLAS H. BELSITO,

        Plaintiff,

v.

COUNTY OF ERIE, SHERIFF TIMOTHY
B. HOWARD, KENNETH P. ACHTYL, and
JAMES W. FLOWERS,

        Defendants.

_____

**DECISION AND ORDER**

1:19-CV-00215 EAW

## INTRODUCTION

Plaintiff Nicholas H. Belsito ("Plaintiff") filed this action against defendants Erie County, Sheriff Timothy B. Howard ("Howard"), Kenneth P. Achtyl ("Achtyl"), and James W. Flowers ("Flowers") (collectively "Defendants") in New York State Supreme Court, Erie County, alleging a violation of his Fourth and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983, along with various state law tort claims. (Dkt. 1 at 9-26). Defendants removed the action to this Court on the basis of federal question jurisdiction. (*Id.* at 1-3). Presently before the Court is Defendants' motion to dismiss Plaintiff's Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. 5). For the following reasons, Defendants' motion is granted in part and denied in part.

## BACKGROUND

The following facts are taken from Plaintiff's Complaint. (Dkt. 1 at 9-26). As is required at this stage of the proceedings, the Court has treated Plaintiff's allegations as true.

On December 3, 2017, Plaintiff was at or near New Era Field in Orchard Park, New York. (*Id.* at 12). Plaintiff approached a police vehicle to request information about his friend who had been detained by Achtyl and Flowers, Erie County Sheriff's deputies. (*Id.*). Achtyl told Plaintiff to "beat it" several times and asked if Plaintiff "wanted to go to jail." (*Id.* at 12-13). Plaintiff walked away from the police vehicle, turned back toward the police vehicle and cursed, and then turned again to continue walking away from the police vehicle. (*Id.* at 13). Achtyl exited the police vehicle and rapidly approached Plaintiff from behind, and as Achtyl exited, Flowers said to him, "Nah, ah, ah. . . ." (*Id.*). Achtyl grabbed and choked Plaintiff from behind with a baton, smashed Plaintiff into the police vehicle, and then struck Plaintiff in the face with a nightstick/baton. (*Id.*). Plaintiff was then placed in handcuffs. (*Id.*).

Achtyl and Flowers filed criminal charges against Plaintiff in Orchard Park Town Court alleging criminal mischief in the fourth degree, obstructing governmental administration in the second degree, disorderly conduct, and resisting arrest. (*Id.* at 19-20). The charges were dismissed and/or formally abandoned by the Erie County District Attorney's Office on June 14, 2018. (*Id.* at 21).

On September 27, 2018, Plaintiff purchased an index number and filed a special proceeding for order to show cause with supporting papers in New York State Supreme Court, Erie County, seeking leave to file a late notice of claim. (Dkt. 8-2). On October 9, 2018, the state court issued an order to show cause demanding that Defendants appear on October 22, 2018, to show cause why an order should not be granted permitting Plaintiff to serve a late notice of claim. (Dkt. 7-1). Plaintiff was granted permission to serve a late

notice of claim on November 14, 2018. (Dkt. 8 at 2). The order was signed on November 28, 2018, and uploaded onto the New York State Supreme Court's electronic filing system on December 4, 2018. (*Id.*).

On February 7, 2019, Plaintiff filed this action in New York State Supreme Court, Erie County. (Dkt. 1 at 9-26). Defendants removed the action to this Court on February 19, 2019 (Dkt. 1), and answered the Complaint on February 27, 2019 (Dkt. 3). On March 25, 2019, Defendants filed the instant motion.[1] (Dkt. 5). Plaintiff filed his response on April 12, 2019. (Dkt. 8). Oral argument was held before the undersigned on November 12, 2019, at which time the Court reserved decision. (Dkt. 10).

## DISCUSSION

### I. Legal Standard

"Judgment on the pleadings may be granted under Rule 12(c) where the material facts are undisputed and where judgment on the merits is possible merely by considering the contents of the pleadings." *McAuliffe v. Barnhart*, 571 F. Supp. 2d 400, 402 (W.D.N.Y. 2008). "In deciding a Rule 12(c) motion for judgment on the pleadings, the court should

---

[1] The Court notes that because Defendants filed an Answer to Plaintiff's Complaint, they should have moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). However, given that the standards for assessing a motion pursuant to Rules 12(b)(6) and 12(c) are the same, *see Aboushama v. EMF Corp.*, 214 F. Supp. 3d 202, 205 (W.D.N.Y. 2016) ("In deciding a Rule 12(c) motion for judgment on the pleadings, the court should 'apply the same standard as that applicable to a motion under Rule 12(b)(6), accepting the allegations contained in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party.'" (quoting *Mantena v. Johnson*, 809 F.3d 721, 727-28 (2d Cir. 2015))), the Court will treat the motion to dismiss as a motion for judgment on the pleadings, *see, e.g.*, *Gindi v. Silvershein*, Nos. 93 Civ. 8679 (LLS), 93 Civ. 8680 (LLS), 1995 WL 347397, at *1 n.1 (S.D.N.Y. June 8, 1995) (collecting cases).

'apply the same standard as that applicable to a motion under Rule 12(b)(6), accepting the allegations contained in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party.'" *Aboushama v. EMF Corp.*, 214 F. Supp. 3d 202, 205 (W.D.N.Y. 2016) (quoting *Mantena v. Johnson*, 809 F.3d 721, 727-28 (2d Cir. 2015)).

"In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010). To withstand dismissal, a complaint must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Turkmen v. Ashcroft*, 589 F.3d 542, 546 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations and citations omitted). "To state a plausible claim, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *Nielsen v. AECOM Tech. Corp.*, 762 F.3d 214, 218 (2d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555).

## II. Statute of Limitations

Defendants contend the statute of limitations has run as to Plaintiff's common law tort claims against Achtyl, Flowers, and Howard. (Dkt. 5-3 at 4). The Court denies Defendants' motion on this basis for the following reasons.

"Although the statute of limitations is ordinarily an affirmative defense that must be raised in the answer, a statute of limitations defense may be decided on a Rule 12(b)(6) motion if the defense appears on the face of the complaint." *Ellul v. Congregation of Christian Bros.*, 774 F.3d 791, 798 n.12 (2d Cir. 2014). "Judicial notice may be taken of documents filed in other cases and other courts." *Shakur v. Bruno*, No. 3:12cv984(SRU), 2014 WL 645028, at *1 (D. Conn. Feb. 18, 2014) (citing *Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*, 146 F.3d 66, 70 (2d Cir. 1998)).

The New York Civil Practice Law and Rules establish a one-year statute of limitations for claims against a sheriff or sheriff's deputy. N.Y. C.P.L.R. 215(1); *see Houghton v. Cardone*, 295 F. Supp. 2d 268, 280 (W.D.N.Y. 2003) ("The one-year limitation governing actions against a sheriff (CPLR 215[1]) applies equally to his deputies." (quoting *Kingston v. Erie County*, 122 A.D.2d 543, 544 (4th Dep't 1986))).[2] When a claim is governed by state law, courts "look to state-law tolling rules to determine whether the statute of limitations was tolled." *Schermerhorn v. Metro. Transp. Auth.*, 156 F.3d 351, 354 (2d Cir. 1998); *see Wallace v. Kato*, 549 U.S. 384, 394 (2007) ("We have

---

[2] Plaintiff also argues that CPLR 215(1) does not apply here. (Dkt. 8-4 at 13-16). The Court does not reach this issue because as discussed in more detail below, it finds that even if CPLR 215(1) applies, the statute of limitations did not run before Plaintiff commenced this action.

generally referred to state law for tolling rules, just as we have for the length of statutes of limitations.").

"Pursuant to General Municipal Law, a plaintiff must first serve a notice of claim against a municipality within 90 days after the claim arises[.]" *Kulon v. Liberty Fire Dist.*, 162 A.D.3d 1178, 1179 (3d Dep't 2018); *see* N.Y. Gen. Mun. Law § 50-e. The New York State Supreme Court "may, '[u]pon application' and in its discretion, extend the time to serve a notice of claim." *Dougherty v. Greene*, 161 A.D.3d 1253, 1254 (3d Dep't 2018) (quoting N.Y. Gen. Mun. Law § 50-e). "The statute of limitations is tolled during the pendency of an application to extend the time to serve a notice of claim." *Id.*; *see Giblin v. Nassau Cty. Med. Ctr.*, 61 N.Y.2d 67, 72-74 (1984); *Kulon*, 162 A.D.3d at 1179 ("[W]hen plaintiff commenced the proceeding seeking leave to serve a late notice of claim on November 14, 2014, he had 186 days remaining in order to timely commence this action within the applicable statute of limitations. As of that date, the statute of limitations stopped running and did not resume until May 27, 2015, when Supreme Court issued its order granting plaintiff's application."). An order granting leave to file a late notice of claim is not effective until entered, and the date of entry marks the end of the tolling period for statute of limitations purposes. *See Harvey v. Handelman, Witkowicz & Levitsky, LLP*, 130 A.D.3d 1439, 1441-42 (4th Dep't 2015) (holding "the statute of limitations set forth in General Municipal Law § 50-i was tolled from the time plaintiff commenced the proceeding to obtain leave to file a late notice of claim until the order granting that relief went into effect" and "the order granting such leave was effective when entered").

In the instant matter, the majority of Plaintiff's state tort claims stem from an incident that allegedly occurred on December 3, 2017, and Plaintiff did not commence the lawsuit until February 7, 2019. (Dkt. 1 at 9-26). Defendants' motion[3] contends that period lasted from the date the state court entered the order to show cause until the date the order granting Plaintiff permission to file a late notice of claim was entered—*i.e.*, from October 9, 2018, to December 4, 2018, a period of 56 days. (Dkt. 7 at ¶ 4). However, New York law is clear that the tolling period began the day Plaintiff commenced the special proceedings—*i.e.*, September 27, 2018. *See Giblin*, 61 N.Y.2d 67; *Kulon*, 162 A.D.3d at 1179 ("[W]hen plaintiff commenced the proceeding seeking leave to serve a late notice of claim. . . . the statute of limitations stopped running[.]"). Accordingly, the statute of limitations was tolled from September 27, 2018, to December 4, 2018, a period of 68 days. In other words, Plaintiff had until February 11, 2019, to file the instant lawsuit, several days after the Complaint was actually filed.[4] Moreover, the statute of limitations for Plaintiff's claim for malicious prosecution did not begin to run until June 14, 2018, the date the criminal proceedings against him were terminated. *See Williams v. CVS Pharmacy, Inc.*, 126 A.D.3d 890, 891 (2d Dep't 2015) ("The one-year statute of limitations applicable to a cause of action for malicious prosecution does not begin to run until favorable

---

[3] At oral argument, Defendants' counsel conceded that the tolling period began the date Plaintiff commenced the special proceedings.

[4] The statute of limitations was actually tolled until Saturday, February 9, 2019, but pursuant to New York law "was extended until 'the next succeeding business day.'" *Wilson v. Exigence of Team Health*, 151 A.D.3d 1849, 1849 (4th Dep't 2017) (quoting N.Y. Gen. Constr. Law § 25-a[1]).

termination of the underlying criminal proceeding." (quotation and citation omitted)). Therefore, Defendants' motion for judgment on the pleadings on the basis of the statute of limitations is denied.

### III. *Respondeat Superior*

Defendants also contend that Plaintiff's tort-based causes of action against Erie County for assault, battery, false arrest, malicious abuse of process, and malicious prosecution should be dismissed. (Dkt. 5-3 at 5-7). The Court grants Defendants' motion on this basis for the reasons that follow.

Under New York law, "[a] county may not be held responsible for the negligent acts of the Sheriff and his deputies on the theory of respondeat superior, in the absence of a local law assuming such responsibility." *Marashian v. City of Utica*, 214 A.D.2d 1034, 1034 (4th Dep't 1995); *see Saleh v. Savage*, No. 12-CV-0468S, 2015 WL 1608839, at *7 (W.D.N.Y. Apr. 10, 2015) (same) (collecting cases); *Mosey v. County of Erie*, 117 A.D.3d 1381, 1385 (4th Dep't 2014) (same). The parties do not dispute that Erie County has never passed a local law assuming responsibility for the actions of the Sheriff and his deputies. *See Wierzbic v. County of Erie*, No. 13-CV-978S, 2018 WL 550521, at *10 (W.D.N.Y. Jan. 25, 2018) ("Erie County has not adopted a local rule carving out an exception holding it liable for the acts of the Sheriff or Sheriff's office employees[.]"); *Villar v. County of Erie*, 126 A.D.3d 1295, 1296-97 (4th Dep't 2015) ("Defendant may not be held responsible for the negligent acts of the Sheriff and his deputies on the theory of respondeat superior, in the absence of a local law assuming such responsibility, and here there is no such local law." (quotation and citations omitted)); *Mosey*, 117 A.D.3d at 1385 ("[I]nasmuch as the

County did not assume such responsibility by local law, the court properly dismissed the fourth cause of action in its entirety and those claims based on such vicarious liability in the third cause of action[.]").

Plaintiff contends that Erie County contractually assumed command and control of Achtyl and Flowers by entering into a Security Agreement with the Buffalo Bills, which Plaintiff argues is relevant to determining Erie County's *respondeat superior* liability. (Dkt. 8-4 at 17-20). Plaintiff submitted a draft of what he purports is an accurate rendition of the security agreement with his response to the motion to dismiss (Dkt. 8-3); however, nowhere in the Complaint does Plaintiff refer to the existence of such a security agreement, nor did Plaintiff attach the security agreement to his Complaint.[5] Accordingly, the Court cannot properly consider the purported security agreement at this stage of the proceedings. *See DiFolco*, 622 F.3d at 111 ("In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint.").

Because any potential claims pursuant to *respondeat superior* liability that Plaintiff may have against Erie County rely on the security agreement, and the existence of the security agreement is not alleged in Plaintiff's Complaint, it is appropriate to dismiss Plaintiff's claims against Erie County at this time. *See Iqbal*, 556 U.S. at 678 ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to

---

[5] At oral argument Plaintiff's counsel conceded that the Complaint does not contain any allegations regarding the security agreement.

'state a claim to relief that is plausible on its face.'" (quoting *Twombly*, 550 U.S. at 570)). Therefore, Defendants' motion to dismiss is granted as to Plaintiff's tort-based causes of action against Erie County for assault, battery, false arrest, malicious abuse of process, and malicious prosecution without prejudice.[6] To the extent Plaintiff wishes to amend his complaint to attempt to allege these claims against Erie County under a theory of *respondeat superior*, he must move for leave to do so. *See* Fed. R. Civ. P. 15(a) ("A party may amend its pleading once as a matter of course within . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b). . . . In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.").

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss (Dkt. 5) is granted in part and denied in part.

---

[6] At oral argument, Defendants' counsel cited to *Jones v. Seneca County*, 154 A.D.3d 1349 (4th Dep't 2017), *leave to appeal denied*, 30 N.Y.3d 911 (2018), where the court held that the county did not assume *respondeat superior* liability after entering into a collective bargaining agreement ("CBA") because "a CBA is not a local law and, in any event, the language of the CBA here does not expressly provide that defendant will assume responsibility for the tortious acts of its Sheriff's deputies." *Id.* at 1350. Plaintiff's counsel conceded that he has not found a case where a county assumed *respondeat superior* liability via contract, nor has the Court's research so found. Thus, Plaintiff's chances of successfully pleading a *respondeat superior* claim on the basis of the security agreement appear slim. However, without the benefit of full briefing on the issue, the Court does not at this time determine that amending the Complaint to allege state law tort claims against Erie County would be futile, and accordingly dismisses those claims without prejudice. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: November 25, 2019
       Rochester, New York