UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

NICHOLAS H. BELSITO,

                      Plaintiff,

    v.

COUNTY OF ERIE, SHERIFF TIMOTHY B.
HOWARD, KENNETH P. ACHTYL, and
JAMES W. FLOWERS,

                      Defendants.

19-CV-215-MJR

DECISION AND ORDER

---

## INTRODUCTION

The parties have consented to the jurisdiction of a Magistrate Judge to conduct all proceedings in this civil action and to order the entry of a final judgment pursuant to 28 U.S.C. § 636(c)(1).[1] Before the Court is a motion for partial summary judgment brought by Plaintiff Nicholas H. Belsito against Defendant Kenneth P. Achtyl pursuant to Rule 56 of the Federal Rules of Civil Procedure. (Dkt. No. 24). For the following reasons, Plaintiff's motion for partial summary judgment is granted in part and denied in part.

## PROCEDURAL HISTORY

This case arises from an incident which occurred on December 3, 2017 at or near New Era Field in Orchard Park, New York. On that date, Kenneth P. Achtyl ("Achtyl" or "Defendant") and James W. Flowers ("Flowers" or "Defendant"), who were employed and acting as a deputies of the Erie County Sheriff's Department, are alleged to have caused

---

[1] This matter was originally referred by the Hon. Elizabeth A. Wolford, District Court Judge, to the Hon. Hugh B. Scott, Magistrate Judge, to preside over pretrial proceedings, excluding dispositive motions. (Dkt. No. 4). On February 4, 2020, the parties consented to the jurisdiction of a magistrate judge and the matter proceeded before Judge Scott. (Dkt. No. 17). The case was subsequently transferred to the undersigned upon the consent of the parties. (Dkt. Nos. 27; 28).

injury to Plaintiff Nicholas H. Belsito ("Belsito" or "Plaintiff") by committing an intentional assault and battery against him, and subsequently arresting and criminally prosecuting him without probable cause. Plaintiff alleges violations of his rights under the Fourth and Fourteenth Amendments to the United States Constitution.

Plaintiff commenced this action by Complaint filed in New York State Supreme Court, County of Erie on February 7, 2019. (Dkt. Nos. 1; 24-2). The action was subsequently removed to District Court by the defendants on federal question jurisdiction pursuant to 28 U.S.C. § 1331. (Dkt. No. 1). Plaintiff asserts the following causes of action against the specified defendants: (1) state common law claim for assault and battery by Achtyl, as well as by Flowers, based on his participation and failure to intervene in the illegal conduct; (2) state common law claim for false arrest and imprisonment by Achtyl and Flowers; (3) state common law claim for negligence in conducting and performing police duties and negligent hiring, supervision, training, and retention by all defendants; (4) violation of state law constitutional rights, including right to due process or law, right to free speech, and security against unreasonable searches and seizures by all defendants; (5) state common law claim for malicious abuse of process by Achtyl and Flowers; (6) state common law claim for malicious prosecution by Achtyl and Flowers; (7) state common law claim for negligence on the part of Erie County by failing to properly screen, monitor, discipline, and train officers resulting in liability for common law torts under the doctrine of *respondeat superior*; and (8) violations of 42 U.S.C. § 1983 by all defendants for use of unreasonable and excessive force, including a claim that the violations arose as a result of customs and practices of the Erie County Sheriff's

Department,[2] as well as claims for deprivation of liberty without due process, denial of right to equal protection, denial of substantive due process, denial of right not to be arrested and criminally prosecuted without probable cause, and denial of right to freedom of speech.[3] (Dkt. No. 24-2).

Defendants previously sought to have plaintiff's claims dismissed under Fed. R. Civ. P. 12(b)(6) on the grounds that (1) the statute of limitations had run as to plaintiff's common law tort claims against Achtyl, Flowers, and Erie County Sheriff Timothy B. Howard; and (2) that plaintiff's tort-based causes of action against Erie County for assault, battery, false arrest, malicious abuse of prosecution, and malicious prosecution are blocked because there is no *respondeat superior* liability between Erie County and its Sheriff and/or Deputies. (Dkt. No. 5). On October 3, 2019, the Hon. Elizabeth A. Wolford issued a Decision and Order granting defendants' motion to dismiss plaintiff's tort-based causes of action against Erie County and denying defendants' motion to dismiss the tort law claims against Achtyl, Flowers, and Howard. (Dkt. No. 11).

On February 16, 2021, plaintiff filed the instant motion for partial summary judgment against defendant Achtyl. (Dkt. No. 24). On March 10, 2021, defendants County of Erie, Sheriff Howard, Achtyl, and Flowers filed a response in opposition to plaintiff's motion. (Dkt. No. 30). On March 29, 2021, plaintiff filed a reply. (Dkt. No. 33).

## FACTUAL BACKGROUND

The following facts are taken from the pleadings and motion papers in this action, including plaintiff's Statement of Material Facts ("SOF") pursuant to Local Rule 56(a)(1).

---

[2] Although not explicitly pled at such, the Court construes this claim as being brought pursuant to *Monell v. Dep't of Soc. Services*, 436 U.S. 658 (1978).
[3] Plaintiff's claims against each of the defendants are summarized here, but factual discussion is limited to that which is relevant to the instant motion for partial summary judgment against defendant Achtyl only.

(Dkt. No. 24-5). The SOF relies on the Complaint and public records which are attached as exhibits; namely a Certificate of Conviction for Achtyl from Orchard Park Town Court; four Misdemeanor Complaints against Achtyl in Orchard Park Town Court; and an Erie County Sheriff's Office Use of Force Report. (Dkt. Nos. 24-2; 24-3; 24-4). Defendants have not filed an opposing statement of facts. *See* W.D.N.Y. L.R. Civ. P. 56(a)(2). Therefore, plaintiff's proposed facts which are properly supported by evidence and not controverted by defendants are deemed admitted. *See* Fed. R. Civ. P. 56(c)(1)(A); W.D.N.Y. L.R. Civ. P. 56(a)(1) and (2); *see also N.Y. State Teamsters Conference Pension & Ret. Fund v. Express Servs., Inc.*, 426 F.3d 640, 648-49 (2d Cir. 2005) (explaining that a district court has no obligation to independently review the record to find factual disputes and finding that reliance on a party's statement of undisputed facts is warranted when supported by specific citations to the record). Unless otherwise noted, when citing the plaintiff's SOF, the Court has confirmed that the proposed fact is properly supported by evidence and that it has not been controverted with evidence by the defendants. *See* W.D.N.Y. L.R. Civ. P. 56(a). The Court notes that all proposed facts stemming solely from allegations of the Complaint are not properly supported by evidence at this time; therefore, such proposed facts are discussed herein only as factual allegations.

On December 3, 2017, plaintiff Belsito was present at or near New Era Field, 1 Bills Drive, Orchard Park, New York. (Dkt. No. 24-5 ["SOF"], ¶ 4). Defendant Achtyl was employed by the Erie County Sheriff's Department as a road deputy and, at all relevant times, was acting within the scope of his employment and duties as a Sheriff's Deputy

and was acting under color of state law. (*Id.*, ¶¶ 1-2). Belsito alleges that the following events ensued:

> Plaintiff approached a police vehicle to request information about his friend who had been detained by Achtyl and [Flowers]. Achtyl told Plaintiff to "beat it" several times and asked if Plaintiff "wanted to go to jail." Plaintiff walked away from the police vehicle, turned back toward the police vehicle and cursed, and then turned again to continue walking away from the police vehicle. Achtyl exited the police vehicle and rapidly approached Plaintiff from behind, and as Achtyl exited, Flowers said to Achtyl, "Nah, ah, ah…". Achtyl grabbed and choked Plaintiff from behind with a baton, smashed Plaintiff into the police vehicle, and then struck Plaintiff in the face with a nightstick/baton. Plaintiff was then placed in handcuffs.

(*Id.*, ¶ 5). Belsito alleges that he was taken into custody by Achtyl and remained in custody from the arrest until the time of his arraignment on December 4, 2017. (*Id.*, ¶¶ 6-7). Belsito further alleges that Achtyl filed criminal charges against plaintiff for Criminal Mischief in the Fourth Degree, Obstructing Governmental Administration, Disorderly Conduct, and Resisting Arrest. (*Id.*, ¶ 10; 24-4, pgs. 6-8). Belsito alleges that at the time Achtyl filed these charges he was aware that Belsito was not guilty of such charges and that instruments he filed were without probable cause or any other legal justification. (*Id.*, ¶11). Lastly, Belsito alleges that all charges levied by Achtyl against Belsito were dismissed or formally abandoned by the Erie County District Attorney's Office on June 14, 2018. (*Id.*, ¶ 12).

Or about May 31, 2019, Achtyl was charged criminally in Orchard Park Town Court for conduct against Belsito on December 3, 2017. (*Id.*, ¶ 14; 24-4, pgs. 2-5). Achtyl was charged by Misdemeanor Complaint with (1) Official Misconduct, contrary to N.Y. Penal Law section 195.00(1), for his unlawful arrest of Nicholas Belsito for the crime of disorderly conduct; (2) Assault in the Third Degree, contrary to N.Y. Penal Law section 120.00(1),

based on intent to cause physical injury to another person and causing such injury to Nicholas Belsito by striking him in the face with a baton; (3) Assault in the Third Degree, contrary to N.Y. Penal Law section 120.00(2), based on recklessly causing physical injury to Nicholas Belsito by striking him in the face with a baton; and (4) Falsifying Business Records in the Second Degree, contrary to N.Y. Penal Law section 175.05(1), with intent to defraud by making, or causing to be made, a false entry in the business records of an enterprise, namely an Erie County Sheriff's Office Use of Firearms/Force Report dated December 3, 2017. (*Id.*).

On September 27, 2019, following a jury trial in Orchard Park Town Court, Achtyl was found guilty and convicted of Reckless Assault in the Third Degree (N.Y. Penal Law section 120.00(2)), Official Misconduct (N.Y. Penal Law section 195.00(1)), and Falsifying Business Records (N.Y. Penal Law section 175.05(1)). (Dkt. No. 24-5, ¶ 15; 24-3). Achtyl was acquitted of the Intentional Assault charge. (Dkt. No. 24-3). Achtyl was sentenced on January 23, 2020 to a one-year conditional discharge for each of his misdemeanor charges dependent on completion of community service hours and payment of fines. (Dkt. No. 24-5, ¶ 16).

## DISCUSSION

*Summary Judgment Standard*

Summary judgment should be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine dispute of material fact 'exists for summary judgment purposes where the evidence, viewed in the light most favorable to the nonmoving party, is such that a reasonable jury could decide in that party's favor.'" *Kwan v. Andalex Grp. LLC*, 737 F.3d

834, 843 (2d Cir. 2013) (quoting *Guilbert v. Gardner*, 480 F.3d 140, 145 (2d Cir. 2007)). The party moving for summary judgment bears the burden of demonstrating that no genuine dispute of material fact exists. *Gummo v. Vill. of Depew*, 75 F.3d 98, 107 (2d Cir. 1996). Once the moving party has made a properly supported showing of the absence of any genuine issue as to all material facts, the nonmoving party must "come forward with specific facts showing that there is a *genuine issue for trial*." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (internal quotation marks and citation omitted). While the Court must construe the evidence in the light most favorable to the nonmoving party, *Collazo v. Pagano*, 656 F.3d 131, 134 (2d Cir. 2011), to defeat summary judgment the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.*, 475 U.S. at 586.

### Collateral Estoppel

Belsito moves for partial summary judgment based on collateral estoppel principles. Belsito asserts that, as result of Achtyl's state criminal convictions, Achtyl is liable as a matter of law for state law claims of battery, and state and federal law claims of false arrest and malicious prosecution. Defendants' only opposition to the motion is a request that any summary judgment decision should be deferred while an appeal of Achtyl's criminal convictions is pending in state court.

Under general principles of collateral estoppel, or issue preclusion, a judgment in a prior proceeding bars a party and its privies from relitigating an issue if, but "only if:"

> (1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and actually decided, (3) there was full and fair opportunity to litigate in the prior proceeding, and (4)

the issue previously litigated was necessary to support a valid and final judgment on the merits.

*NLRB v. Thalbo Corp.*, 171 F.3d 102, 109 (2d Cir. 1999). There is no collateral estoppel if the issues were not identical, nor if the issue was not actually decided in the prior proceeding or its decision was not necessary to the judgment. *See id*. Summary judgment is appropriate under the doctrine of collateral estoppel when all the material issues of fact in a pending action have been actually and necessarily resolved in a prior proceeding. *Mishkin v. Ageloff*, 299 F. Supp. 2d 249, 252 (S.D.N.Y. 2004) (citations omitted).

Because Achtyl's criminal convictions were entered in a New York state court, the Court looks to New York law to determine their preclusive effect. *Blumatte v. Farthing*, 320 Fed. Appx. 68, 70 (2d Cir. 2009) (citing *Wight v. BankAmerica Corp.*, 219 F.3d 79, 87-88 (2d Cir. 1997) ("The preclusive effect of a state court determination in a subsequent federal action is determined by the rules of the state where the prior action occurred.")). The principles of collateral estoppel are generally the same under New York and federal law. More specifically, "[u]nder New York law, collateral estoppel bars relitigation of an issue when (1) the identical issue necessarily was decided in the prior action and is decisive of the present action, and (2) the party to be precluded from relitigating the issue had a full and fair opportunity to litigate the issue in the prior action." *Denton v. Hyman (In re Hyman)*, 502 F.3d 61, 65 (2d Cir. 2007). Whether to apply collateral estoppel in a particular case depends upon "general notions of fairness involving a practical inquiry into the realities of the litigation." *Jeffreys v. Griffin*, 1 N.Y.3d 34, 41 (2003) (citations and quotations omitted).

Further, "[i]t is settled that a party in a civil case may be precluded from relitigating issues adjudicated in a prior criminal proceeding and that the Government may rely on

the collateral estoppel effect of the conviction in support of establishing the defendant's liability in the subsequent civil action." *Mishkin*, 299 F. Supp. 2d at 253 (citing *United States v. Podell*, 572 F.2d 31, 35) (2d Cir. 1978)); *see also New York v. Julius Nasso Concrete Corp.*, 202 F.3d 82, 86 (2d Cir. 2000) ("A criminal conviction, whether by jury verdict or guilty plea, constitutes estoppel in favor of the United States in a subsequent civil proceeding as to those matters determined by the judgment in the criminal case.").[4] "A criminal conviction may be given collateral estoppel effect in a subsequent civil litigation if there is an identity of issues and a full and fair opportunity to litigate in the first action." *Holmes v. McCrea*, 186 A.D.3d 1043, 1044 (4th Dep't 2020); *accord Gelb,* 798 F.2d at 43 (holding that a criminal defendant is barred from relitigating any issue determined adversely to him in the criminal proceeding, provided he had a full and fair opportunity to litigate the issue). "In a civil case, it is appropriate to estop a party from relitigating issues actually and necessarily decided as a part of a prior criminal judgment and conviction, in part because the government bears a higher burden of proof in the criminal than in the civil context." *Digeronimo v. Payne*, 01-CIV-8386, 2007 U.S. Dist. LEXIS 101716, at *4 (S.D.N.Y. Feb. 23, 2007).

<u>*Application of the Standards*</u>

Based upon his conduct against Belsito, Achtyl was convicted in state court of reckless assault, official misconduct, and falsifying business records. (*See* Dkt. Nos. 24-3; 24-4). Applying New York's standards for collateral estoppel, it is found that Achtyl had a full and fair opportunity to litigate the prior criminal proceeding. Achtyl was found guilty

---

[4] Because mutuality of estoppel is no longer an absolute requirement under federal law, a party other than the Government may assert collateral estoppel based on a criminal conviction. *Gelb v. Royal Globe Ins. Co.*, 798 F.2d 38, 43 (2d Cir. 1986) (citations omitted).

after trial by jury and he has not disputed that his guilt has been adjudicated or that he had a full and fair opportunity to litigate the issue in New York courts. *See Blumatte*, 320 Fed. Appx. at 70; s*ee also Jeffreys*, 1 N.Y.3d at 39 ("the proponent of collateral estoppel must show identity of the issue, while the opponent must demonstrate the absence of a full and fair opportunity to litigate.").

Achtyl has not challenged any part of Belsito's assertions regarding the fact of his convictions, the elements of the offenses, or the identity of issues in Belsito's civil claims. His opposition to partial summary judgment rests solely on the argument that, because he has appealed the convictions, a ruling on this motion should be withheld until his appeal is resolved in state court. The Court disagrees. Achtyl has submitted no evidence of the existence of such an appeal, let alone the likelihood of its success. Indeed, when this Court recently inquired as to the status, defense counsel provided no update other than his assertion that a notice of appeal had been filed. Belsito submits that, in fact, Achtyl's notice of appeal was filed on February 10, 2020 and is subject to dismissal based on failure to comply with state court deadlines for perfecting such an appeal. (See Dkt. No. 33; 33-1). The record before this Court is insufficient to determine the viability of Achtyl's appeal. Regardless, the Second Circuit has determined that the pendency of a criminal appeal generally "does not deprive a judgment of its preclusive effect." *United States v. Int'l Bhd. of Teamsters*, 905 F.2d 610, 621 (2d Cir. 1990) (citations omitted). The fact that Achtyl may be presently appealing his prior state court conviction does not prevent the doctrine of collateral estoppel from attaching to the present case. *See SEC v. Westerfield*, 94-CIV-6997, 1997 U.S. Dist. LEXIS 7381, at *4-5 (S.D.N.Y. May 23, 1997). Indeed, "the rule in New York is that the 'pendency of an appeal does not prevent

the use of the challenged judgment as the basis of' collateral estoppel." *Anonymous v. Dobbs Ferry Union Free Sch. Dist.*, 19 A.D.3d 522, 522-23 (2d Dep't 2005) (internal quotation omitted). Belsito is entitled to partial summary judgment against Achtyl despite Achtyl's assertion that his appeal of the conviction is still pending. *See In re Capoccia*, 272 A.D.2d 838, 846-47 (3d Dep't 2000).

The Court must next determine whether the claims on which Belsito seeks summary judgment are identical to those issues necessarily decided in the prior action and are decisive of the present action. *See In Re Hyman*, 502 F.3d at 65. In other words, did the crimes of which Achtyl was convicted "encompass the elements necessary to support a judgment on the merits in this action?" *Mishkin*, 299 F. Supp. 2d at 253.

### a. *False Arrest Claims*

"A public servant is guilty of official misconduct when, with intent to obtain a benefit or deprive another person of a benefit...[h]e commits an act relating to his office but constituting an unauthorized exercise of his official functions, knowing that such act is unauthorized." N.Y. Penal Law § 195.00(1). The accusatory instrument filed against Achtyl on this offense charges that Achtyl "did unlawfully arrest Nicholas Belsito for the crime of disorderly conduct, thereby depriving him of the benefit of his liberty." (*See* Dkt. No. 24-4). Penal Law § 195.00(1) includes "all manner of abusive acts by public officials, not just those dealing with graft [or financial advantage]." *See People v. Feerick*, 93 N.Y.2d 433, 446 (1999). Further, the inclusion of a *mens rea* requirement in the statute is meant to protect officials from charges stemming from "honest error" or "mere errors or judgment." *See id.*, at 448 ("Proof that a public servant intended to receive a benefit along with proof that he or she also knew the acts were 'unauthorized' *negates* the

possibility that the misconduct was the product of inadvertence, incompetence, blunder, neglect or dereliction of duty, or any other act [...].").

Based upon Achtyl's criminal conviction for official misconduct and collateral estoppel principles, Belsito seeks a judgment against Achtyl for false arrest under state law and 42 U.S.C. § 1983. "The common law tort of false arrest is a species of false imprisonment . . . [and] [u]nder New York law, the elements of a false imprisonment claim are: '(1) the defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged.'" *Wood v. Town of E. Hampton*, 08-CV-4197, 2010 U.S. Dist. LEXIS 104806, at *28 (E.D.N.Y. Sept. 30, 2010) (quoting *Singer v. Fulton Cnty. Sheriff*, 63 F.3d 110, 118 (2d Cir. 1995)). "A § 1983 claim for false arrest, resting on the Fourth Amendment right of an individual to be free from unreasonable seizures...is substantially the same as a claim for false arrest under New York law." *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996). Additionally, to recover damages under § 1983 a plaintiff must show that "the conduct complained of was committed by a person acting under color of state law" and that "this conduct deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States." *Greenwich Citizens Comm. v. Counties of Warren & Washington Indus. Dev. Agency*, 77 F.3d 26, 29-30 (2d Cir. 1996)

Here, the undisputed facts show that Achtyl confined Belsito by arresting him under color of state law and that Belsito was conscious of, and did not consent to, the confinement. Further, Achtyl's conviction for official misconduct by unlawfully arresting Belsito demonstrates that Achtyl acted with intent to deprive Belsito of his liberty and that

the confinement was not otherwise privileged. Thus, the identical issues presented here were decided in the prior proceeding and collateral estoppel properly applies. As a result, Achtyl is precluded from arguing that he did not intend to confine Belsito nor that his confinement of Belsito was authorized by law. Summary judgment against Achtyl is warranted on Belsito's Second Cause of Action for false arrest under state law and his Eighth Cause of Action as it pertains to unlawful arrest and seizure in violation of the Fourth Amendment under § 1983.

b. _Battery Claim_

Achtyl was also convicted of reckless assault in the third degree in violation of New York Penal Law § 120.00(2) for causing physical injury to Belsito by striking him in the face with a baton. (_See_ Dkt. No. 24-3; 24-4). In general, a "person acts 'recklessly' with respect to an injury or death or another, when such person engages in conduct which creates or contributes to a substantial and unjustifiable risk that such injury or death will occur and when he or she is aware of and consciously disregards that risk." McKinney's Practice Commentaries for N.Y. Penal Law § 120.00 (citation omitted). Asserting collateral estoppel based upon Achtyl's conviction for reckless assault, Belsito seeks judgment against Achtyl for battery under state law.[5]

New York defines civil assault as "an intentional placing of another person in fear of imminent harmful or offensive contact" and civil battery as "an intentional wrongful physical contact with another person without consent." _Green v. City of New York_, 465 F.3d 65, 86 (2d Cir. 2006). "To establish a civil battery a plaintiff need only prove

---

[5] The Court notes that Belsito has not moved for summary judgment against Achtyl on his § 1983 claim for use of excessive force.

intentional physical contact by defendant without plaintiff's consent; the injury may be unintended, accidental, or unforeseen." *Hughes v. Farrey*, 30 A.D.3d 244, 247 (1st Dep't 2006). To prove a civil battery claim against a police officer, a plaintiff must show that the officer made "bodily contact, that the contact was offensive, and that [the officer] intended to make the contact." *Nimely v. City of New York*, 414 F.3d 381, 391 (2d Cir. 2005). A plaintiff must also prove that the officer's conduct was not reasonable within the meaning of New York Penal Law § 35.30(1), the statute which governs use of force by law enforcement in the course of their duties. *See id.*

Here, the elements of a state law battery claim are present based on the prior convictions. Achtyl's assault conviction establishes that he made bodily contact with Belsito and that the contact was not consented to. Notably, the prior conviction for reckless assault does not include the required element of intentionality. *See Hughes*, 30 A.D. 3d at 247-48. However, this does not defeat Belsito's assertion of collateral estoppel on the battery claim. Under New York law, if an arrest is determined to be unlawful, any use of force by an officer constitutes an assault or battery. *See Goonewardena v. Spinelli*, 15-CV-5239, 2020 U.S. Dist. LEXIS 39592, at *26-27 (E.D.N.Y. Mar. 5, 2020), *adopted in part by* 2020 U.S. Dist. LEXIS 56494 (Mar. 31, 2020); *see also Loftin v. City of New York*, 15-CV-5656, 2017 U.S. Dist. LEXIS 133674, at *21 (E.D.N.Y. Aug. 21, 2017) ("If an officer lacks probable cause for an arrest, any force used by the officer in effectuating the unlawful arrest constitutes assault and battery); *Rucks v. City of New York*, 96 F. Supp. 3d 138, 153 (S.D.N.Y. 2015); *Sulkowska v. City of New York*, 129 F. Supp. 2d 274, 294 (S.D.N.Y. 2001); *Johnson v. Suffolk Cty. Police Dep't*, 245 A.D.2d 340 (2d Dep't 1997). Achtyl's official misconduct conviction precludes him from arguing that the arrest in this

instance was lawful. Having been found to have falsely arrested Belsito, Achtyl is therefore liable for civil battery because he made physical contact with Belsito by striking him with a baton. *See Ferguson v. City of New York*, 2018 U.S. Dist. LEXIS 127049, at *5 (E.D.N.Y July 30, 2018) ("Any intentional contact by [the officer] without plaintiff's consent was at least a technical assault or battery under New York law because it occurred outside a lawful seizure); *Sulkowska*, 129 F. Supp. 2d at 294 (finding for plaintiff on state law assault and battery claims where plaintiff was handcuffed and forcibly placed in police car during arrest that lacked probable cause). Thus, the identical issues presented here were decided in the prior proceeding and collateral estoppel properly applies. Summary judgment against Achtyl is warranted on Belsito's First Cause of Action for battery under state law.

### c. *Malicious Prosecution Claims*

In addition to official misconduct and assault, Achtyl was convicted of falsifying business records, namely an Erie County Sheriff's Office Use of Firearms/Force Report dated December 3, 2017 relative to the incident involving Belsito on that date. (See Dkt. No. 24-4). "A person is guilty of falsifying business records in the second degree when, with intent to defraud, he: (1) makes or causes a false entry in business records of an enterprise." N.Y. Penal Law § 175.05(1). Asserting collateral estoppel based upon Achtyl's prior convictions, Belsito seeks a judgment against him for malicious prosecution under state law and § 1983. Belsito has not met his burden on this claim.

According to New York law, "the elements of an action for malicious prosecution are (1) the initiation of a proceeding, (2) its termination favorably to plaintiff, (3) lack of probable cause, and (4) malice." *Colon v. City of New York*, 60 N.Y.2d 78, 82 (1983); *see*

also *Posr v. Court Officer Shield # 207*, 180 F.3d 409, 417 (2d Cir. 1999) ("[P]laintiff must show (1) that the defendant initiated a prosecution against the plaintiff, (2) that the defendant lacked probable cause to believe the proceeding could succeed, (3) that the defendant acted with malice, and (4) that the prosecution was terminated in the plaintiff's favor."). Liability for the tort of malicious prosecution also gives rise to liability under § 1983. *Savino v. City of New York*, 331 F.3d 63, 72 (2d Cir. 2003). In order to prevail on a § 1983 claim against a state actor for malicious prosecution, a plaintiff must show a violation of his constitutional rights such as unreasonable seizure under the Fourth Amendment, *see Fulton v. Robinson*, 289 F.3d 188, 195 (2d Cir. 2002), or deprivation of liberty contrary to the Fourteenth Amendment, *see Cook v. Sheldon*, 41 F.3d 73, 79 (2d Cir. 1994). The elements of a federal claim are borrowed from the underlying state law tort. *See Cook*, 41 F.3d at 79. The existence of probable cause to initiate a proceeding is a complete defense to a claim of malicious prosecution, but the presumption may be rebutted by evidence that the indictment was procured by fraud, perjury, the suppression of evidence, or other police conduct undertaken in bad faith. *See Savino*, 331 F.3d at 72.

Here, Achtyl's convictions for official misconduct and falsifying records are not decisive of the malicious prosecution claims made in the present action. The elements of false arrest, which Belsito has established, are distinct from those of malicious prosecution. *See generally Mejia v. City of New York*, 119 F. Supp. 2d 232, 254 (E.D.N.Y. 2000) (explaining that the probable cause determination relevant to a malicious prosecution claim differs from that relevant to a false arrest claim, and the two determinations play different roles in the two causes of action). To begin with, the prior convictions do not establish that a proceeding was initiated against Belsito or terminated

in his favor. To fulfill the first element of a malicious prosecution claim, a plaintiff must establish not only that a proceeding was initiated but that the defendant either commenced or continued the criminal proceeding against him. *See Martin v. Albany*, 42 N.Y.2d 13, 17 (1977). The defendant must have played an "active role" in the prosecution. *See Manganiello v. City of New York*, 612 F.3d 149, 163 (2d Cir. 2010). For example, an officer can initiate a prosecution by filing charges or accusatory instruments. *See Francis v. City of New York*, 15-CV-7997, 2019 U.S. Dist. LEXIS 197034, at * 14-15 (S.D.N.Y. Nov. 12, 2019); *see also Cook v. Sheldon*, 41 F.3d 73, 79 (2d Cir. 1994) (finding that officers commenced criminal proceedings against a plaintiff where they formally charged him with violating a statute and had him arraigned before a judge). An officer may also be deemed to have initiated a prosecution where he does not actually file the charges but does prepare a false document and provide it to prosecutors. *See Ricciuti v. New York City Transit Auth.*, 124 F.3d 123, 131 (2d Cir. 1997). In this case, there is no proof, via collateral estoppel or other evidence, that Achtyl signed a criminal complaint or information, nor that he influenced any decision to prosecute.[6] Belsito has not shown that Achtyl played an active role in commencing or furthering a prosecution against him and the initiation element of his claim is not met.

Further, the prior convictions fail to establish malice in Achtyl's alleged attempted prosecution of Belsito. The "well-recognized definition of 'malice' is '[t]he intent, without justification or excuse, to commit a wrongful act.'" *Franklin Techs., Inc. v. Encite, Inc.*,

---

[6] Belsito's complaint does allege that Achtyl and/or Flowers "caused the commencement of a criminal complaint against him by filing various state law informations/complaints" charging him with criminal mischief, obstructing governmental administration, disorderly conduct, and resisting arrest. (Dkt. No. 24-2, pgs. 12-13). It further alleges that those charges were subsequently dropped by the District Attorney's Office and he was not prosecuted for them. (*Id.*, pg. 14). However, Belsito has not provided evidence of these allegations sufficient to meet the summary judgment standard.

CV-16-1603, 2017 U.S. Dist. LEXIS 25631, at *7 (E.D.N.Y. Feb. 22, 2017) (quoting *Black's Law Dictionary* (10th ed. 2014)). Malice does not have to be actual spite or hatred, but means only "that the defendant must have commence the criminal proceeding due to a wrong or improper motive, something other than a desire to see the ends of justice served." *See Lowth v. Town of Cheektowaga*, 82 F.3d 563, 573 (2d Cir. 1996) (quoting *Nardelli v. Stamberg*, 44 N.Y.2d 500, 502-03 (1978)). Although the lack of probable cause generally raises an inference of malice sufficient to *withstand* summary judgment, *Ricciuti v. New York City Transit Auth.*, 124 F.3d 123, 131 (2d Cir. 1997), it is not dispositive of the issue, *see Lowth*, 82 F.3d at 573. Belsito asks the Court to infer the presence of malice from Achtyl's official misconduct and falsifying records convictions. These convictions show that Achtyl knew his arrest of Belsito was unauthorized and that he acted with intent to defraud the Erie County Sheriff's Office by writing a false report of the incident. They have not proven, however, that Achtyl initiated or maintained charges against Belsito out of malice. Here, there exists a triable issue of fact as to whether Achtyl's alleged initiation of a criminal proceeding was done with malice. Indeed, New York courts traditionally consider the issue of malice to be a question for the jury. *Rounseville v. Zahl*, 13 F.3d 625, 631 (2d Cir. 1994).

Thus, there is not an identity of issues from the prior proceeding and collateral estoppel does not apply. Neither Achtyl's prior convictions, nor the evidence presented by Belsito in support of his motion, establish the required elements of a malicious prosecution claim under state or federal law. Belsito's motion for summary judgment on claims of malicious prosecution under state law and § 1983 is denied.

In sum, the facts established by Achtyl's criminal convictions, which have been presented to the Court without opposition, are sufficient to satisfy all the prerequisites for civil liability under New York law for battery and false arrest, as well as unlawful arrest and seizure in violation of the Fourth Amendment under § 1983. By contrast, Belsito has not met his burden for summary judgment on his claim of malicious prosecution under state law or § 1983. Belsito is thus entitled to summary judgment only on his claims of false arrest, under state law and federal law, and battery under state law.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for partial summary judgment against defendant Kenneth P. Achtyl (Dkt. No. 24) is granted and denied as described above. The Court defers the inquest on damages pending disposition of plaintiff's additional claims against Achtyl and other defendants.

**SO ORDERED.**

DATED:   July  / 9  , 2021
         Buffalo, New York

                                    MICHAEL J. ROEMER
                                    United States Magistrate Judge